**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Takenobu Matsugishi, et al., | **2:24-cv-01840-JAD-MDC** |
| Plaintiff, | |
| vs. | **ORDER GRANTING MOTION TO STAY DISCOVERY** |
| Bell Ventures, Inc., et al., | |
| Defendant(s). | |

Pending before the Court is defendants' *Motion to Stay Discovery* (*ECF No. 28*). For the reasons stated below, the Court GRANTS the Motion to Stay.

<u>**DISCUSSION**</u>

## I. BACKGROUND

This action arises from certain disputes among family members concerning a family business. In 2018, Plaintiff Takenobu Matsugishi ("Matsugishi") formed and funded defendant Bell Ventures ("Bell") by investing over $9 million into the company. *ECF No. 13 at ¶¶ 16-20*. Bell went on to purchase 37 residential properties in Arizona and Florida, which were to be used as rentals and generating income for the company. *Id*. at ¶¶ 21-27. Defendant Peter Chen ("Peter") is Matsugishi's brother and defendant James Chen ("James") is plaintiff's nephew. *Id*. at ¶¶ 24-25. Matsugishi alleges that Peter and James took control of Bell and used the company as part of a scheme for personal profit.

Defendants filed a *Motion to Dismiss* (*ECF No. 20*) on December 20, 2024. Plaintiffs filed a *Motion for Preliminary Injunction* (*ECF No. 24*) on January 7, 2025. Defendants filed the *Motion to Stay Discovery* (*ECF No. 28*) on January 14, 2025. Plaintiffs oppose (*ECF No. 32*) the *Motion to Stay*.

## II. LEGAL STANDARD

### A. The Court Has Inherent Discretion To Control Discovery

Federal courts have the "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for

counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936). "The district court has wide discretion in controlling discovery[.]" *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) (citing *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). When considering a motion to stay discovery while a dispositive motion is pending, "this court considers the goal of Rule 1 of the Federal Rules of Civil Procedure which directs that the Rules shall 'be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Tradebay*, 278 F.R.D. at 602 (quoting Fed. R. Civ. P. 1). Thus, the Court may consider staying discovery pursuant to its inherent powers and discretion, together with the goals pronounced by Rule 1.

## B. The Pragmatic Approach

The undersigned Magistrate Judge previously adopted the pragmatic approach when considering motions to stay discovery because a dispositive motion is pending. *Aristocrat Techs., Inc. v. Light & Wonder, Inc.*, 2024 U.S. Dist. LEXIS 90611, at *4 (D. Nev. May 21, 2024). The pragmatic approach considers only the following two elements: (1) if the dispositive motion can be decided without further discovery; and (2) good cause exists to stay discovery. *Id*.

## III. ANALYSIS

Defendants move to stay discovery pending a determination on their motion to dismiss. *ECF No. 28*. Plaintiffs oppose the Motion to Stay. *ECF No. 32*. Under the pragmatic approach, the Court finds that [1] the motion to dismiss can be determined without discovery and [2] good cause exists to stay discovery.

## A. Discovery Is Not Needed For The Motion To Dismiss

Parties disagree on whether discovery is needed to decide the Motion to Dismiss. Defendants argue that the Motion to Dismiss can be decided without discovery. Plaintiffs disagree and argue that discovery is needed because the Motion to Dismiss introduces an exhibit to establish a new fact and to resolve defendants' argument that Mrs. Matsugishi lacks Article III standing. *ECF No. 32*.

The Court agrees with defendants that discovery is not needed to decide the Motion to Dismiss. The Court also finds that plaintiff failed to articulate the specific discovery needed, if any, to address the pending issues.

Plaintiffs' argument that discovery is needed because of an exhibit attached to defendants' Motion to Dismiss is unpersuasive. Plaintiffs claim the exhibit establishes some "new fact." Plaintiffs, however, do not specify what the "new fact" is, which undermines not only the substance of argument but the credibility thereof.  In contrast, defendants point out that the exhibit attached to their Motion to Dismiss is an email which plaintiffs incorporated into their Amended Complaint. *ECF No. 37 at 3*. The Ninth Circuit has recognized that "[a] court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (citing *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), *overruled on other grounds.*). "The court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).'" *Marder,* 450 F.3d at 448 (citing *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). As defendants point out in their Reply (*ECF No. 37*), plaintiffs reference the exchange of emails in their Amended Complaint (*ECF No. 13 at 15-16, ¶¶ 78-81*) (referencing an exchange of emails that occurred on or around May 2024). Thus, plaintiffs have not established that defendants' exhibit necessitates discovery to determine defendants' Motion to Dismiss, let alone that it will be converted into a motion for summary judgment. *See e.g.*, *Axon Enter. v. Luxury Home Buyers, LLC,* 2020 U.S. Dist. LEXIS 256449, at *5-6 (D. Nev. Oct. 29, 2020) ("[T]here is no guarantee that the Court will convert the defendant's motion to dismiss to one for summary judgment."). Even assuming that the exhibit attached to the Motion to Dismiss transforms it into a motion for summary judgment, plaintiffs have not shown what specific discovery is needed to respond to a potential converted motion for summary judgment. "A party seeking to delay summary judgment for further discovery must state what other specific evidence it hopes to discover

[and] the relevance of that evidence to its claims." *Stevens v. CoreLogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018) (internal quotations omitted).

Plaintiffs' argument that they are entitled to discovery to respond to defendants' challenge of Mrs. Matsugishi's standing per Rule 12(b)(1) is also unpersuasive. Plaintiffs do not identify any specific discovery they need to respond to defendants Rule 12(b)(1) motion. In contrast, defendants point out that their motion to dismiss Mrs. Matsugishi for lack of standing is based on plaintiffs' failure to plead the elements. *ECF No. 20 at 5; ECF No. 37 at 4, fn. 2*. Such matters are issues of law and can be determined without discovery. Furthermore, to the extent that plaintiffs argue additional discovery is needed to [1] establish injury and/or [2] cure deficiencies, those arguments are also unpersuasive. The standard is whether discovery is needed to determine a motion to dismiss, *not* whether discovery is needed to establish liability/damages or whether discovery could lead to amendments. *See e.g.*, *Maldondano v. HSBC Mortg. Servs.*, 2017 U.S. Dist. LEXIS 3876, at *2-3 (D. Nev. Jan. 10, 2017); *Schrader v. Wynn Las Vegas, LLC*, 2021 U.S. Dist. LEXIS 198974, at *fn.1 (D. Nev. Oct. 14, 2021).

Finally, plaintiffs argue that that their pending Motion for Preliminary Injunction is somehow material here. However, plaintiffs do not identify any discovery needed in connection with that motion. While plaintiffs argue their injunction motion seeks certain documents, they do not specially identify such documents in their opposition (ECF No. 32) or show how those documents are material to determining defendants' Motion to Dismiss.

**B. Good Cause Exists To Stay Discovery Pending Determination Of The Motion To Dismiss**

The parties focus their arguments on different portions of Rule 1 of the Federal Rules of Civil Procedure. Rule 1 provide that the federal rules should "be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Defendants rely on Rule 1's inexpensive determination objective while plaintiffs focus on speedy determination.

Defendants argue that discovery may become "unnecessary" or "duplicative" which will lead to a rapid climb in the cost of discovery. *See* ECF No. 28 at 4. Plaintiffs dispute that such discovery will be

unduly burdensome and argue that staying discovery will only delay disposition of the case. *ECF No. 32 at 7*.

Considering the parties' respective positions, the Court finds the balance tips in favor of a stay. Defendants argue that discovery would require incurring costs such as translators, analysts, and potential overseas travel. *ECF No. 28 at 4*.  The Court agrees with such argument and is persuaded that such potentially high costs and burdens establish good faith to stay discovery under these limited circumstances.  *See Free Speech Found., Inc. v. Phila. Indem. Ins. Co.*, 2023 U.S. Dist. LEXIS 238352, at *14 (D. Nev. Dec. 22, 2023) (the burden of showing discovery may be unduly burdensome is lower in the context of moving to stay discovery pending adjudication of a dispositive motion).

Plaintiffs argue that they will face significant prejudice because they will not be able to obtain certain unidentified documents requested back in October 2024 or in their Motion for Preliminary Injunction. *ECF No. 32 at 7-8*.  Defendants note that the documents requested in October 2024 relate to settlement negotiations and have nothing to do with their Motion to Dismiss.  More importantly, plaintiffs do not argue that such unidentified documents are required to respond to defendants' Motion to Dismiss or plaintiffs' Motion for Preliminary Injunction. Therefore, plaintiffs have not shown that the prejudice they may face outweighs the good cause to stay discovery.

//

//

//

//

//

//

//

//

//

ACCORDINGLY,

**IT IS ORDERED that** the *Motion to Stay Discovery* (ECF No. 28) is GRANTED. Discovery is stayed pending the disposition of defendants' *Motion to Dismiss* (ECF No. 20) or further Court order, including an order on any motion to lift the stay.

**IT IS FURTHER ORDERED that** parties shall submit their proposed discovery plan and scheduling order within 14-days of an order denying the motion to dismiss or upon the filing of an amended complaint.

DATED this 18th day of February 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge