Michael R. Kealy (NSBN 0971)
Sarah Ferguson (NSBN 14515)
Jake T. Herzik (NSBN 16340)
PARSONS BEHLE & LATIMER
50 West Liberty Street, Suite 750
Reno, Nevada 89501
Telephone: 775.323.1601
Email: mkealy@parsonsbehle.com
       sferguson@parsonsbehle.com
       jward-herzik@parsonsbehle.com

*Attorney for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TAKENOBU MATSUGISHI, an individual; HITOMI MATSUGISHI, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>PETER CHEN, an individual; JAMES YUH-TYNG CHEN, as an individual and as the trustee of BV TRUST; Hb5 HOLDINGS, LLC, a Delaware limited liability company; and BELL VENTURES, INC., a Nevada corporation, inclusive,<br><br>Defendant. | Case No. 2:24-cv-01840-JAD-MDC<br><br>**<u>STIPULATED PROTECTIVE ORDER</u>** |

Plaintiffs Takenobu Matsugishi and Hitomi Matsugishi (collectively, "Plaintiffs") and Defendants Peter Chen, James Yuh-Tyng Chen (individually and as trustee for the Bellair Way BV Trust), Hb5 Holdings, LLC, and Bell Ventures, Inc. (collectively, "Defendants") (each a "Party" and collectively the "Parties"), by and through their undersigned counsel of record, hereby stipulate that the Court may enter the following Stipulated Protective Order, as the Parties anticipate that this action will involve the disclosure of confidential, proprietary, or private business information and documents warranting special protection from public disclosure under Rule 26(c) of the Federal Rules of Civil Procedure:

**1.    Definitions.** As used in this Stipulated Protective Order:

(a)    "**Attorney**" means an attorney who has appeared in this action.

(b) "**Confidential Document**" means a document designated as confidential under this Stipulated Protective Order because it contains Confidential Information.

(c) "**Confidential Information**" means information that is properly designated under the terms of this Stipulated Protective Order because it is proprietary, technical, financial, private, commercially sensitive, competitive, trade secret, or other such information that merits special protection the Federal Rules of Civil Procedure and applicable case law. The term does not include information that is in the public domain at the time of disclosure.

(d) "**Non-party**" means any individual, corporation, partnership, association, attorney, or natural person or entity other than a Party.

(e) "**Producing Party**" means a Party or Non-party that produces discoverable material in this action.

(f) "**Protected Document**" means a document protected by a privilege or the work-product doctrine.

(g) "**Receiving Party**" means a Party that receives discoverable material from a Producing Party.

2. **Designating a Document or Deposition as Confidential.**

(a) A Party or Non-party disclosing or producing a document may designate it as a Confidential Document if the Party or Non-party contends that it contains Confidential Information. All documents produced by a Non-party shall be treated as Confidential Documents for a period of ten (10) business days from the date of their production, and during that period any Party may designate such documents as Confidential Documents pursuant to the terms of this Stipulated Protective Order.

(b) A Party or Non-party may designate a document as a Confidential Document by conspicuously marking each page with the "CONFIDENTIAL," or by conspicuously marking a compilation of data or documents in a manner sufficient to provide notice that the entire compilation is a Confidential Document.

(c) Deposition testimony may be designated as a Confidential Document:

    (1) on the record at the deposition; or

    (2) after the deposition, by promptly notifying the Parties in writing.

(d) If a witness is expected to testify as to Confidential Information, a Party or Non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive Confidential Documents.

**3. Who May Receive a Confidential Document.**

(a) A Confidential Document may be used only in this action.

(b) No person receiving a Confidential Document may reveal it, except to:

    (1) the court and its staff;

    (2) an Attorney or an Attorney's partner, associate, or staff;

    (3) a person shown on the face of the Confidential Document to have authored or received it;

    (4) a court reporter or videographer retained in connection with this action;

    (5) a Party and a Party's insurance carrier(s) (subject to paragraph 3(c)); and

    (6) any person who:

        (A) is retained to assist a Party or Attorney with this action; and

        (B) signs the declaration attached hereto as Exhibit A.

(c) If a Confidential Document is revealed to someone not entitled to receive it, the Parties must make reasonable efforts to provide notice to the other side and retrieve it.

**4. Serving This Stipulated Protective Order on a Non-party.** A Party serving a subpoena on a Non-party must simultaneously serve a copy of this Stipulated Protective Order on the Non-party.

**5. Correcting an Error in Designation.** A Party or Non-party who discloses or produces a Confidential Document not designated as confidential may, within 7 days after discovering the error, provide written notice of the error and produce a copy of the

document designated as a Confidential Document.

6. **Use of a Confidential Document in Court.**

   (a) This Stipulated Protective Order does not authorize the filing of any document under seal. A Confidential Document may be filed under seal only in accordance with Federal and local rules.

   (b) A Party intending to present another Party's or a Non-party's Confidential Document at a hearing or trial must promptly notify the other Party or the Non-party in writing so that the other Party or the Non-party may seek relief from the court.

7. **Changing a Confidential Document's Designation.**

   (a) A Confidential Document disclosed or produced by a Party remains confidential unless the Parties agree to change its designation or the court orders otherwise.

   (b) A Confidential Document produced by a Non-party remains confidential unless the Non-party agrees to change its designation or the court orders otherwise after providing an opportunity for the Non-party to be heard.

   (c) A Party who cannot obtain agreement to change a designation may move the court for an order changing the designation. If the motion affects a document produced by a Non-party then, with respect to the motion, that Non-party is entitled to the same notice and opportunity to be heard as a Party.

   (d) The Party or Non-party who designated a document as a Confidential Document must show that the designation satisfies Fed. R. Civ. P. 26(c).

8. **Handling a Confidential Document after Termination of Litigation.**

   (a) Within 60 days after the termination of this action (including any appeals), each Party must:

       (1) return or destroy all Confidential Documents; and

       (2) Notify the Producing Party in writing that it has returned or destroyed all confidential documents within the 60-day period.

   (b) Notwithstanding paragraph 8(a), each Attorney may retain a copy of any

Confidential Document submitted to the court and all deposition transcripts.

9. **Inadvertent Disclosure or Production to a Party of a Protected Document.**

    (a)    Notice.

        (1)    A Party or Non-party who discovers that it has inadvertently disclosed or produced a Protected Document must promptly provide written notice to the Receiving Party which describes the basis of the claim of privilege or protection. If the Party or Non-party provides such notice and description, the privilege or protection is not waived.

        (2)    A Party who discovers that it may have received an inadvertently disclosed or produced Protected Document must promptly notify the Producing Party or Non-party in writing.

    (b)    A Party who is notified or discovers that it may have received a Protected Document must comply with Fed. R. Civ. P. 26(b)(5)(B).

10. **Security Precautions and Data Breaches.**

    (a)    Each Party must make reasonable efforts to protect the confidentiality of any Confidential Document disclosed or produced to that Party.

    (b)    A Party who learns of a breach of confidentiality must promptly provide written notice to the Producing Party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

///
///
///
///
///
///
///
///
///

11.     **Survival of Obligations.** The obligations imposed by this Stipulated Protective Order survive the termination of this action.

| | |
|---|---|
| Dated this 1st day of July, 2025. | Dated this 1st day of July, 2025. |
| WOMBLE BOND DICKINSON (US) LLP | PARSONS BEHLE & LATIMER |

By: */s/ John E. Bragonje*
E. Leif Reid (NSBN 5750)
John E. Bragonje (NSBN 9519)
Christian T. Spaulding (NSBN 14277)
3993 Howard Hughes Parkway, Ste 600
Las Vegas, NV 89169
Telephone: (702) 474-2625
LReid@lewisroca.com
JBragonje@lewisroca.com
CSpaulding@lewisroca.com

*Attorneys for Plaintiffs*

By: */s/ Sarah Ferguson*
Michael R. Kealy (NSBN 0971)
Sarah Ferguson (NSBN 14515)
Jake T. Herzik (NSBN 16340)
50 West Liberty Street, Suite 750
Reno, Nevada 89501
Telephone: (775) 323-1601
mkealy@parsonsbehle.com
sferguson@parsonsbehle.com
jward-herzik@parsonsbehle.com

*Attorney for Defendants*

Any discovery disputes, including motions for protective order, must be addressed pursuant to the Court's 08/28/24 Standing Order (ECF No. 12). In addition to complying with the procedural requirements of LR IA 10-5 and FRCP 5.2, the parties must also meet the substantive standards of *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172 (9th Cir. 2006) and its progeny when requesting to file documents under seal.

IT IS SO ORDERED

_____
UNITED STATES MAGISTRATE JUDGE
DATED: 7-2-25

EXHIBIT A

| | |
|---|---|
| TAKENOBU MATSUGISHI, an individual; HITOMI MATSUGISHI, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>PETER CHEN, an individual; JAMES YUH-TYNG CHEN, as an individual and as the trustee of BV TRUST; Hb5 HOLDINGS, LLC, a Delaware limited liability company; and BELL VENTURES, INC., a Nevada corporation, inclusive,<br><br>Defendant. | Case No. 2:24-cv-01840-JAD-MDC<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

The undersigned hereby acknowledges that he or she has read the Confidentiality Order dated _____, 20___, in the above-captioned action, understands the terms thereof, and agrees to be bound by such terms. The undersigned submits to the jurisdiction of the United States District Court, District of Nevada relating to the Confidentiality Order during the pendency of the above-entitled action and understands that the terms of said Order obligate him/her to use discovery materials designated CONFIDENTIAL solely for the purposes of the above-captioned action, and not to disclose any such Protected Material to any person, firm, entity, or concern.

The undersigned acknowledges that violation of the Stipulated Confidentiality Order may result in penalties for contempt of court.

Name: _____
Job Title: _____
Employer: _____
Business Address: _____
Date: _____
Signature: _____