womblebonddickinson.com

John E. Bragonje (NSBN 9519)
Anona Su (NSBN 16140)
WOMBLE BOND DICKINSON US LLP
8488 Rozita Lee Avenue
Suite 400
Las Vegas, NV 89113
Telephone: (702) 474-2625
Email: John.Bragonje@wbd-us.com
Anona.Su@wbd-us.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

TAKENOBU MATSUGISHI, an individual; HITOMI MATSUGISHI, an individual,

Plaintiffs,

vs.

PETER CHEN, an individual; JAMES YUH-TYNG CHEN, as an individual and as the trustee of BV TRUST; Hb5 HOLDINGS, LLC, a Delaware limited liability company; and BELL VENTURES, INC., a Nevada corporation, inclusive,

Defendants.

Case No. 2:24-cv-01840-JAD-MDC

**FIFTH STIPULATION TO STAY DISCOVERY AND ORDER**

Plaintiffs Takenobu Matsugishi and Hitomi Matsugishi (collectively, "Plaintiffs") and Defendants Peter Chen, James Chen (as an individual and as the trustee of Bellair Way BV Trust), Hb5 Holdings, LLC, and Bell Ventures, Inc. (collectively, "Defendants") (each a "Party" and collectively, the "Parties"), by and through their undersigned counsel of record, respectfully submit this Joint Fifth Request for Stay.

1. Since the Court's most recent order (ECF No. 61), the Parties have reached a draft written settlement agreement resolving this action (the "Settlement Agreement"). The Parties are currently finalizing the Settlement Agreement and anticipate executing it in the near future.

. . .

2. Plaintiff Takenobu Matsugishi was 73 years old at the time he filed the Second Amended Complaint, resides in Japan, and according to the Complaint does not speak English (*see* ECF No. 41, ¶¶ 17, 24). He has suffered a decline in his health. At times this has meant that the only communication between the Plaintiffs and their counsel has been through posted mail. These conditions have slowed Plaintiffs' ability to exchange offers and to review and finalize settlement documents.

3. In their prior stipulation (ECF No. 60), the Parties reported that Plaintiffs were evaluating three alternative approaches to one aspect of the dispute proposed in Defendants' July 18, 2026, written settlement offer. The Parties have since resolved that issue and have exchanged successive drafts of, and comments on, a comprehensive written Settlement Agreement.

4. The settlement is not a simple monetary resolution; at its core, it is a multi-property real estate transaction. Under the Settlement Agreement, Defendant Bell Ventures, Inc. will convey to Plaintiffs, by recordable deed and free and clear of liens other than agreed exceptions, eight residential real properties located in Florida. Defendants must first procure a broker's opinion of value for each of the eight properties, which will establish the fair market value used to issue an owner's title insurance policy for each parcel. The transfers will be consummated through an escrow to be opened with a title company acting as escrow agent, into which Defendants will deposit the executed deeds, assignments, and other closing deliverables before closing. Defendants must also transfer to Plaintiffs all documentation relating to ownership of the properties, including title, tax, and property-tax payment records. Because the properties are currently occupied by tenants, Defendants must further transfer all facilities-of-management responsibilities for the properties to Plaintiffs, including by assigning the existing leases and delivering security deposits, prepaid rents, property-management records, maintenance histories, vendor contracts, insurance policies, and keys and access devices, so that Plaintiffs can assume full management and control of the occupied properties. Closing also requires the preparation of settlement statements, the payment of Florida documentary stamp taxes and other closing costs, and the proration of taxes, rents, and other customary items under Florida closing practices.

. . .

5. The Settlement Agreement also contains material components beyond the real estate transfers. Among other things, it provides for the assignment to Plaintiffs of a promissory note held by Bell Ventures, Inc.; a monetary payment by the individual Defendants; Defendants' cooperation in Plaintiffs' access to and recover funds from certain personal bank accounts, including, if necessary, through stipulated orders directed to the account custodians; and Plaintiffs' release of lis pendens recorded against certain properties once the transfers are complete. The Settlement Agreement further provides for mutual releases that become effective upon closing, covenants not to sue, an indemnification obligation by Bell Ventures, Inc. for certain third-party claims, and confidentiality and non-disparagement obligations. Within ten (10) business days after closing, the Parties will file a stipulation dismissing this action with prejudice, with the Court retaining jurisdiction to enforce the settlement. Given the number of properties, the involvement of third-party title, escrow, and financial institutions, and the need to coordinate with existing tenants, the Parties require additional time to execute the Settlement Agreement and complete closing before Plaintiffs will be in a position to file a dismissal.

6. The Parties are confident that the settlement will be consummated and that it will be unnecessary to conduct further discovery or proceed to trial.

7. Based on the foregoing, and consistent with the Settlement Agreement, the Parties respectfully request that the Court (a) suspend all discovery deadlines and all trial-related deadlines in this action, including the current October 9, 2026, deadline to file dismissal papers or an amended discovery plan and scheduling order (ECF No. 61), during the pendency of the finalization of the settlement; and (b) set a status check regarding settlement on a date no earlier than January 15, 2027, by which time the Parties expect the contemplated real estate transactions constituting the settlement to have occurred.

8. The Parties acknowledge and appreciate that this would constitute the fifth extension granted by the Court in this matter. (*See* ECF Nos. 52, 54, 56, 61.) Unlike the prior requests, which sought time to negotiate, this request seeks time to execute and perform an agreed settlement. The Parties are grateful for the Court's patience and continued accommodation of their efforts to resolve this dispute without the need for further litigation.

9. In light of the number of extensions requested, the Parties respectfully offer to appear for a status conference at the Court's convenience, should the Court wish to address the matter further.

10. If the Settlement Agreement is not executed, or if closing does not occur, the Parties will file an amended stipulated discovery plan and scheduling order with new deadlines within fourteen (14) days thereafter.

11. The foregoing request is made in good faith and not for purposes of delay.

12. The Parties therefore respectfully request that the Court suspend all discovery deadlines and trial-related deadlines during the pendency of the finalization of the settlement, and set a status check regarding settlement on a date no earlier than January 15, 2027, by which time the Parties anticipate that the contemplated real estate transactions constituting the settlement will have occurred and that they will be in a position to file dismissal papers or, alternatively, a joint status report.

Dated this 8th day of October, 2026.

WOMBLE BOND DICKINSON (US) LLP

By: /s/John E. Bragonje
John E. Bragonje (NSBN 9519)
Anona Su (NSBN 16140)
8488 Rozita Lee Avenue
Suite 400
Las Vegas, NV 89113
Telephone: (702) 474-2625
John.Bragonje@wbd-us.com
Anona.Su@wbd-us.com

*Attorneys for Plaintiffs*

Dated this 8th day of October, 2026.

PARSONS BEHLE & LATIMER

By: /s/Sarah Ferguson
Michael R. Kealy (NSBN 0971)
Sarah Ferguson (NSBN 14515)
50 West Liberty Street, Suite 750
Reno, Nevada 89501
Tel: (775) 323-1601
mkealy@parsonsbehle.com
sferguson@parsonsbehle.com

*Attorneys for Defendants*

. . .

. . .

. . .

. . .

. . .

**ORDER**

IT IS HEREBY ORDERED THAT ALL DISCOVERY DEADLINES AND TRIAL-RELATED DEADLINES IN THIS ACTION ARE SUSPENDED PENDING FINALIZATION OF THE PARTIES SETTLEMENT. ~~A STATUS CHECK REGARDING SETTLEMENT IS SET FOR ____________________, 2027.~~ THE PARTIES SHALL FILE DISMISSAL PAPERS OR A "STIPULATION REGARDING SETTLEMENT STATUS" BY **JANUARY 15, 2027**.

IT IS SO ORDERED.

________________________________________
Hon. Maximiliano D. Couvillier, III
UNITED STATES MAGISTRATE JUDGE

DATED: October 13, 2026